```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE H. LOPEZ, JR.,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       19-CV-3596(JS)(AKT)

JUDGE RICHARD AMBRO, DISTRICT
ATTORNEY TIMOTHY SINI, CHIEF
CLERK FRANK TROPE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jose H. Lopez, Jr., pro se
                    19-A-3094
                    Sing Sing Correctional Facility
                    354 Hunter Street
                    Ossining, New York 10562

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On June 17, 2019, incarcerated pro se plaintiff Jose H. Lopez, Jr. ("Plaintiff") filed an incomprehensible three (3) page document entitled "Petition for Common Law Writ of Phohibition [sic]" against Justice Richard Ambro, New York State Supreme Court, Suffolk County ("Judge Ambro"), Suffolk County District Attorney Timothy Sini ("D.A. Sini"), and Suffolk County Court Chief Clerk Frank Tropea ("Tropea" and collectively, "Defendants")[1] which the Court liberally construes as a Complaint brought pursuant to 28

---

[1] Although Plaintiff identified the Suffolk County Court Chief Clerk as "Frank Trope", the Court understands that Plaintiff intended to name "Frank Tropea" and will refer to this Defendant as such in this Memorandum and Order.

U.S.C. § 1983 ("Section 1983").

Plaintiff did not remit the filing fee with the Complaint, nor did he file an application to proceed in forma pauperis or the required Prisoner Litigation Authorization Form ("PLRA"). Accordingly, by Notice of Deficiency dated June 19, 2019, Plaintiff was notified that, in order for his case to proceed, he must either remit the filing fee or an application to proceed in forma pauperis and complete the PLRA within fourteen (14) days from the date of the Notice. (See D.E. 2.) On July 1, 2019, Plaintiff timely filed an application to proceed in forma pauperis together with an application for the appointment of pro bono counsel to represent him in this case.

For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH RULE 8 WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Plaintiff is warned that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim, or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice. Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE

AND WITH LEAVE TO RENEW UPON FILING THE AMENDED COMPLAINT.

## THE COMPLAINT[2]

As noted above, the Complaint is incomprehensible. Plaintiff identifies himself as "a preamble non-franchised American Citizen" and alleges the following "Facts of this Case":

> Petitioner did timely and specifically object to the asserted jurisdiction in legislative equity being imposed, in personum, over his person and property. Respondents are sworn by oath of office and fidelity, to uphold the State and Federal Constitutions. And, thereby to defend the rights guaranteed to all who are protected by the first ten amendments to the federal constitution. Thus, wherever legislative ordinances and statues that exceed those guaranteed rights are objected to on constitutional grounds, it become the duty of any court to temporarily postpone contemplated court actions on issues of fact until plaintiff or plaintiff's attorney of plaintiff is a corporate entity has entered the law side of the court and places into evidence a valid contract or franchise which give the court a valid authority to sit as chancellor in equity, or as a chancellor in admiralty, where maritime contracts are in dispute. Respondents although put on judicial notice of their sworn duty to respect the constitutional rights of those who specifically claim them, <u>refused</u> to take the judicial notice. Although the same was mailed to them by two separate and distinct letters sent by certified mail and resting in the court file on this case number 1233-2018.

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Contrary to their employment contract, involving their oath of office, and fidelity, Respondents "willfully" violated their contract and oaths, and seek to forcefully deprive Petitioner of due process of the law by ordering that a warrant be issued for the arrest of "We the People" and their property exemplified by the person of Petitioner. Whereby, Respondents plan to find Petitioner in contempt of (their) Respondent's legislative tribunal and deprive petitioner of his property even though there is no proof in the case record that the asserted jurisdiction of Respondent's court exits as a fact of law.

(Compl. at 2.) Plaintiff identifies the "Remedy Sought" as:

> Petitioner seeks remedy is this court through temporary prohibition of the Respondents from having the county sheriff make an arrest on their order and then placing Petitioner in jail on charges and/or depriving Petitioner of his property brought on by a legislative tribunal wherein no proven jurisdiction of such tribunal is in the record of this case and the court or tribunal is acting the part of prosecutors and judges in the person of Respondents. Petitioner seeks further remedy before this court that it demands Respondents to appear in person before this Court and set a date and time to show why Petitioner may be lawfully deprived of all constitutionally guaranteed (unalienable) rights, including the right to due proves of law upon entering or residing within the territorial lines or county boundaries of the corporate County of Suffolk.

(Compl. at 3.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.

Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and

citations omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked

assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v.

State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail').

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8. Plaintiff's submission is incoherent, unintelligible and is bereft of any facts in support of his claims. Because the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, it is DISMISSED WITHOUT PREJUDICE.

However, in light of Plaintiff's pro se status, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH RULE 8 AND THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear Docket Number 18-CV-3596(JS)(AKT). Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice. If Plaintiff does not file an Amended Complaint within the time allowed, judgment

shall enter without further notice.

Finally, given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON FILING AN AMENDED COMPLAINT in accordance with this Memorandum and Order.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis, (D.E. 5), is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8's requirements. However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with Rule 8 and this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear Docket Number 18-CV-3596(JS)(AKT), and shall be filed within thirty (30) days of the date of this Memorandum and Order. Plaintiff's application for the appointment of pro bono counsel, (D.E. 7), is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON FILING AN AMENDED COMPLAINT.

Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are

not simple, concise, and direct, the Court may dismiss this action with prejudice. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice. Finally, given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON FILING AN AMENDED COMPLAINT in accordance with this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  16 , 2019
       Central Islip, New York