UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE H. LOPEZ, JR.,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     19-CV-3596(JS)(AKT)

JUDGE RICHARD AMBRO, DISTRICT
ATTORNEY TIMOTHY SINI, CHIEF
CLERK FRANK TROPEA,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jose H. Lopez, Jr., pro se
                    19-A-3094
                    Upstate Correctional Facility
                    309 Bare Hill Road
                    P.O. Box 2001
                    Malone, New York 12953

For Defendants:     No appearances.

SEYBERT, District Judge:

        By Memorandum and Order dated October 16, 2019 (the

"M&O," D.E. 11), the Court granted the application of incarcerated

pro se plaintiff Jose H. Lopez, Jr. ("Plaintiff") to proceed in

forma pauperis and dismissed his incomprehensible three (3) page

document entitled "Petition for Common Law Writ of Phohibition

[sic]" against Justice Richard Ambro, New York State Supreme Court,

Suffolk County ("Judge Ambro"), Suffolk County District Attorney

Timothy Sini ("D.A. Sini"), and Suffolk County Court Chief Clerk

Frank Tropea ("Tropea" and collectively, "Defendants") which the

Court liberally construed as a Complaint brought pursuant to 28

U.S.C. § 1983 ("Section 1983").

Because the Complaint did not set forth a plausible claim for relief and did not conform to the requirements set forth in Federal Rule of Civil Procedure 8, the Court dismissed the Complaint without prejudice and with leave to file an Amended Complaint that complied with Rule 8 within thirty (30) days from the date of the M&O.  Plaintiff was warned that "if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice."  (M&O at 10-11.)  On November 14, 2019, Plaintiff timely filed an eleven (11) page Amended Complaint with an additional forty-seven (47) pages of exhibits.  (Am. Compl., D.E. 14.)

For the reasons outlined below, because the Amended Complaint does not conform to Rule 8's requirement and does not allege a plausible claim for relief, it is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

<u>THE AMENDED COMPLAINT</u>[1]

Like the Complaint, the Amended Complaint is incomprehensible. Plaintiff identifies himself as "a trustee/ secured party by fact; not a strawman vessel in commerce, corporate fiction, legal entity, ens legis, or transmitting utility," (Am. Compl. ¶ 1), and alleges that he "is not; a citizen within, surety for, subject of, an officer of and does not owe allegiance, realty bond, undertaking, obligation, duty, tax, impost, or tribute to the "United States Corporation" (28 U.S.C. § 3002(15)(A) . . . ." (Am. Compl. ¶ 2). The first twelve paragraphs of the Amended Complaint continue in this fashion and appear to describe and identify Plaintiff and the United States. At paragraph thirteen, Plaintiff alleges that he

> is claiming to institute and maintain actions
> of any kind in the courts of this state while
> maintaining true domicile on the land of these
> United States, to take, hold and dispose of
> property either real, intangible or personal
> held in the name of the FOREIGN GRANTOR TRUST
> together with all derivation NAMES/Names and
> styles thereof, together with guarantee of
> pre-payment and exemption from taxes, tithes,
> and fees, together with re-conveying all
> actual assets rightfully belonging to the
> lawful holder in due course.

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Am. Compl. ¶ 13.)  He continues:

>This is provided to all Territorial United States District and State and County courts, their officers, clerks, bailiffs, sheriffs, deputies, and employees and all municipal appointees including their DISTRICT, STATE, and County Courts, their OFFICERS and EMPLOYEES; the vessels doing business as JOSE H. LOPEZ JR© together with all derivatives and permutations and punctuations of this name are not acting in any in any federal territorial or municipal capacity and have not knowingly or willingly acted in any such capacity since the day of nativity.  All vessels are duly claimed by the holder in due course and held under published Common Law Copyright since December 13, 2011.  These vessels are publishing that they are Foreign Sovereigns from the state of the United States of America, and that these above-named vessels are owed all material rights, duties, exemptions, insurances, treaties, bonds, agreements, and guarantees including indemnity and full faith and credit and that these vessels are not subject to territorial or municipal United States law and are owed the Law of Peace, Department of Army Pamphlet 27-161-1, from all Territorial and Municipal Officers and employees who otherwise have no permission to approach or address them.  Any harm resulting from trespass upon these vessels or the use of fictitious names or titles related to them shall be subject to full commercial liability and penalties, 18 USC 2333, 18 USC 1341 and 1342.

(Am. Compl. ¶ 14, at 7-8.)  The Amended Complaint continues in this fashion and concludes at paragraph sixteen: "The case should of been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) lack of subject matter jurisdiction and Rule 12(b)(6)

failure to state a claim upon which relief can be granted." (Am. Compl. ¶ 16.)

Plaintiff has annexed to the Amended Complaint handwritten documents that reference "case # 650-18" and "case # 1233-2018" and appear to challenge the state court's jurisdiction to prosecute Plaintiff on state criminal charges. (See Ex. A, D.E. 14-1; Ex. C, D.E. 14-3; Ex. D, D.E. 14-4.)

## DISCUSSION

I.  Standard of Review

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II.  Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Jones v. Nat'l Commc'ns and Surveillance Networks, 266

F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at

555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8).  Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss.  _Iqbal_, 556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  _Id._; _accord_ _Harris_, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case.  _Dura Pharms., Inc. v. Broudo_, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting _Conley v. Gibson_, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), _overruled in part on other grounds by_ _Twombly_, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss

the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail').

Here, as is readily apparent, and notwithstanding the clear instruction provided by the Court to Plaintiff in the M&O, Plaintiff's Amended Complaint does not comport with the pleading requirements of Rule 8. Plaintiff's submission is incoherent, unintelligible, and is bereft of any facts in support of his claims. Nor does Plaintiff include any allegations of conduct of inaction attributable to any of the Defendants. In fact, apart from the caption, none of the Defendants are even mentioned in the Amended Complaint. Because the Amended Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, nor does it allege any plausible claims, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

III. Leave to Further Amend the Complaint

Although a pro se litigant should generally be given leave to file an amended complaint, the Court declines to do so here. Because Plaintiff was already afforded an opportunity amend his Complaint and he ignored the guidance provided in the M&O in

filing the present Amended Complaint, further leave to amend would be futile. Moreover, although far from clear, insofar as the Amended Complaint seeks to challenge on-going state court criminal proceedings against him, such claims would likely be barred in this Court by the Younger Abstention Doctrine, <u>Younger v. Harris</u>, 401 U.S. 37, 91 S Ct. 746, 27 L. Ed. 2d 669 (1971), and its progeny.

Similarly, to the extent Plaintiff seeks to challenge a state court conviction, his exclusive avenue to do so is by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such a petition has certain timeliness and exhaustion requirements and the Court makes no determination as to whether such a petition may be brought at this time. The dismissal of Plaintiff's Amended Complaint is without prejudice to his properly filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal is without prejudice to Plaintiff properly filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, if appropriate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff, enter judgment and mark this case CLOSED.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   21  , 2020
       Central Islip, New York